IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:08-CV-537-TMH |
| ) | [WO] |
| ) | |
| CIRCUIT COURT OF HOUSTON ) | |
| COUNTY, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Patrick Jackson ["Jackson"], a state inmate, challenges actions undertaken by the Circuit Court of Houston County, Alabama with respect to sentences imposed upon him by such court in October of 2006. Specifically, Jackson argues the trial court directed that his sentences be served in a local community corrections center when, in fact, he served his sentences in the state prison system.

Upon consideration of the claims presented in the complaint, the court concludes that dismissal of this case prior to service of process is proper in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  DISCUSSION

### A.  The Named Defendant

Jackson names the Circuit Court of Houston County as the sole defendant in this cause of action.  A state court is not a person within the meaning of 42 U.S.C. § 1983. *Moity v. Louisiana State Bar Association*, 414 F.Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976).  Dismissal of this case is therefore appropriate under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  The Claim for Relief

Jackson asserts that court officials improperly permitted his transfer to a state correctional facility for service of sentences imposed upon him for various felony offenses. A convicted prisoner has no constitutionally protected right to confinement in a particular penal facility.  *Meachum v. Fano*, 427 U.S. 215, 224 (1976).  Thus, an inmate may be confined in any correctional facility without implicating the prisoner's constitutional rights. *Id.*; *see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976).  Although the plaintiff's confinement in a state correctional facility may entail "more burdensome conditions" than that of a community corrections center such confinement is "'within the normal limits or range of custody which the conviction has authorized the State to impose.' *[Meachum,* 427 U.S. at 225]; *see also Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)." *Sandin*, 515 U.S. at 478.  Consequently, the action about which

Jackson complains does not implicate the protections of the Constitution and, for such reason, this case is likewise due to be summarily dismissed as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).  It is further

ORDERED that on or before July 23, 2008 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of July, 2008.

        /s/   Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE